**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ASSOCIATED INDEMNITY COMPANY and HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) ) | CIVIL FILE ACTION NO. _____ |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| KSGW ARCHITECTS, LLC and GREGORY WASHINGTON, | ) ) ) | |
| Defendants. | ) ) | |

_____

## COMPLAINT FOR PROPERTY DAMAGE
_____

Associated Indemnity Company and Hartford Casualty Insurance Company sue KSGW Architects, LLC and Gregory Washington as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Associated Indemnity Company is a California corporation with its principal place of business in Novato, California.

2.     Plaintiff Hartford Casualty Insurance Company is an Indiana corporation with its principal place of business in Hartford, Connecticut.

3.      KSGW Architects, LLC, is a Georgia limited liability company.  Upon information and belief, all of the managing members of KSGW Architects, LLC, are residents and citizens of the State of Georgia.  KSGW Architects, LLC, may be served with process by service upon its registered agent:  Donnie R. Sloan, Jr., 10475 Medlock Bridge Road, Johns Creek, Georgia 30097.

4.      Defendant Gregory Washington is a resident and citizen of the State of Georgia.  Defendant Gregory Washington may be served with process at KSGW Architects, 2500 Northwoods Parkway, Suite 250, Alpharetta, Georgia  30009-2245.

5.      This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## ALLEGATION OF FACTS

7.      This case arises from a February 2, 2014, fire that destroyed the home of Gerald King at 1075 Balmoral Lane, Roswell, Georgia 30075.

8.     At all times material to this action, Plaintiff Associated Indemnity Company insured Gerald King's home.

9.     At all times material to this action, Plaintiff Hartford Casualty Insurance Company insured two vehicles, a 2011 Land Rover and a 2014 BMW X6, owned by Gerald King's company, Ceramic Technics Ltd., that King garaged at his home.

10.     The fire also destroyed the 2011 Land Rover and 2014 BMW X6 insured by Plaintiff Hartford Casualty.

11.     The home had been under construction for several years preceding the fire.

12.     Architect Gregory Washington and KSGW Architects, LLC, designed the home.

13.     In addition to designing the home, architect Gregory Washington and KSGW Architects, LLC, acted as the general contractor for the construction of the home.

14.      In addition to designing the home and acting as general contractor, Gregory Washington, as project architect and as general contractor, personally performed construction work on the project.

15.     Construction of the home was substantially complete shortly before the fire, although punch list work was still being completed on February 2, 2014.

16.     The punch list work in the house was being performed by architect Gregory Washington and KSGW Architects, LLC, in their role as the general contractor for the home.

17.     On the day of the fire, architect Gregory Washington personally supervised and participated in the punch list work.

18.     On February 2, 2014, Gerald King hosted a housewarming/Super Bowl party at the home.

19.     During the party, a fire began inside the garage of the home.

20.     The fire quickly spread and destroyed the entire home and the vehicles in the garage, causing damages in excess of $10 million.

21.     As the insurer of the home, Associated Indemnity Company indemnified Gerald King for his losses in the amount of $9,939,207.91.

22.      As the insurer of the vehicles, Hartford Casualty paid Ceramic Technics Ltd. $47,985.51 for the destruction of the Land Rover and $64,975.22 for the destruction of the BMW X6.

23.     Pursuant to its indemnification of its insured, Associated Indemnity Company is subrogated to all rights and causes of action of its insured against all parties responsible for the fire.

24.     Pursuant to its indemnification of its insured, Hartford Casualty is subrogated to all rights and causes of action of its insured against all parties responsible for the fire.

25.     After extensive investigation, Associated Indemnity Company and Hartford Casualty determined that the fire originated at a halogen light installed near floor level in the garage.

26.     The halogen light was part of a row of lights along the wall of the garage specified as part of the design by architect Gregory Washington and KSGW Architects, LLC.

27.     As part of the design for this row of lights, architect Gregory Washington and KSGW Architects, LLC, specified the use of Lithonia Lighting halogen lights, model number LK3GMW.

28.     Gregory Washington, as architect and general contractor for this construction project, personally purchased the Lithonia Lighting model LK3GMW halogen light fixtures.

29.     Gregory Washington, as architect and general contractor for this construction project, specifically directed the installation of Lithonia Lighting model LK3GMW halogen light fixtures in an "up light" orientation.

30.     The Lithonia Lighting model LK3GMW halogen light is designed to be a "down light," that is, it is designed to be mounted in the ceiling with the light shining down.

31.     Architect Gregory Washington and KSGW Architects, LLC, however, designed the row of lights to be installed near ground level in the garage with the lights shining up in an "up light" configuration.

32.     Halogen lights present a well-known potential fire hazard because they emit significantly more heat than traditional incandescent lights.

33.     In particular, halogen lights in an "up light" orientation are a well-known, substantial fire hazard, because of the propensity of the intense heat of the halogen bulb to start a fire if combustible material is placed or falls on top of or next to the light.

34.     In 1997 the Consumer Product Safety Commission announced the recall of 40 million torchiere halogen lights with halogen bulbs in an "up light" configuration because of their propensity to start to start fires if combustible materials were placed or fell on the halogen light.

35.   The halogen lights that Architect Gerald Washington and KSGW Architects, LLC, specified and installed in the King garage were controlled by a motion sensor that activated the lights when there was activity in the garage.

36.   On the day of the fire, there was substantial activity in the King home, including the garage, due to the ongoing housewarming/Super Bowl party.

37.   Upon completion of the punchlist work on February 2, 2014, Gregory Washington and KSGW Architects, LLC, stored, or directed and supervised the storage of, materials and tools immediately next to and on top of the halogen lights mounted near floor level in the garage.

38.   The materials Gregory Washington stored, or directed and supervised to be stored, next to and on top of the halogen lights included combustible materials, such as a plastic tarp and plywood.

39.   During the housewarming/Super Bowl party, activity in the garage caused the garage motion sensor to activate the halogen lights.

40.   Heat from one of the halogen lights ignited the combustible materials stored next to and on top of the lights.  The fire then spread and destroyed the house.

41.   The cause of the February 2, 2014, fire was the improper use of the Lithonia Lighting model LK3GMW halogen lights as "up lights," in contravention

of their instructions and intended use, and the storage of combustible materials immediately adjacent to and on top of the lights.

## COUNT I – PROFESSIONAL NEGLIGENCE

42.    Architect Gregory Washington and KSGW Architects, LLC, owed to Gerald King and Ceramic Technics Ltd. the duty to use a reasonable level of professional architectural judgment and skill in the design of his home.

43.    Architect Gregory Washington and KSGW Architects, LLC breached the duty they owed to Gerald King by ignoring the known, substantial fire hazard of halogen "up lights" and by negligently specifying the use of Lithonia lighting model LK3GMW halogen lights as floor level "up lights," contrary to their designed and intended use as ceiling "down lights."

44.    As a direct, proximate, and foreseeable result of Defendants architect Gregory Washington and KSGW Architects, LLC's negligence, Plaintiffs Associated Indemnity and Hartford Casualty have been damaged in the amount of $10,052,168.64.

## COUNT II – SIMPLE NEGLIGENCE

45.    Architect Gregory Washington and KSGW Architects, LLC, owed to Gerald King and Ceramic Technics Ltd., among other duties, the duty to use reasonable care in the construction of his home and the duty to carry out the work

undertaken in a good and workmanlike manner, with such duties extending to and including completion of the punchlist work remaining on February 2, 2014.

46.   Architect Gregory Washington and KSGW Architects, LLC, breached the duties they owed to Gerald King when they stacked combustible construction materials immediately adjacent to and on the row of halogen lights in the garage.

47.   The breaches of duty and negligence of architect Gregory Washington and KSGW Architects, LLC, in stacking combustible materials immediately adjacent to and on the row of halogen lights in the garage was a direct, proximate, and foreseeable cause of the February 2, 2014, fire and the resulting damages to Associated Indemnity and Hartford Casualty in the amount of $10,052,168.64.

## COUNT III – BREACH OF CONTRACT

48.   Architect Gregory Washington and KSGW Architects, LLC, agreed to design and build Gerald King's home pursuant to a valid and enforceable oral contract between them and Gerald King.

49.   Under Georgia precedent and substantive law, implied in every contract formed and executed in the State of Georgia is a duty on the part of the contractor to perform the undertakings of the contract in a good and workmanlike manner.

50.   Defendants Gregory Washington and KSGW Architects, LLC owed this duty to Plaintiffs' insured, and therefore to Plaintiff, with respect to all

performance of the contract, including completion of the punch list items as performed by Washington and KSGW Architects, LLC on February 2, 2014.

51.     Defendants Gregory Washington and KSGW Architects, LLC breached this contractual duty in that they:

a.   improperly specified the use of Lithonia Lighting Model LK3GMW ceiling halogen down lights for installation as floor-level up lights in the garage of the King residence;

b.   improperly installed the Lithonia Lighting Model LK3GMW ceiling halogen down lights as uplights in the garage of the King residence; and

c.   negligently placed combustible construction and other materials immediately adjacent to and on the row of halogen lights in the garage.

52.     The breach of contractual duties of architect Gregory Washington and KSGW Architects, LLC in stacking combustible materials immediately adjacent to and on the row of halogen lights in the garage was a direct, proximate, and foreseeable cause of the February 22, 2014 fire and the resulting damages.

**WHEREFORE**, Plaintiffs Associated Indemnity and Hartford Casualty pray that:

A.   Process issue and be served upon Defendants compelling them to appear and answer this Complaint;

B.   That Plaintiffs have judgment against Defendants in an amount not less than $10,052,168.64, plus all interest, costs, and expenses allowed by law;

C.   That Plaintiffs have all other relief allowed by law and equity.

s/ Jefferson C. McConnaughey
Jefferson C. McConnaughey
Georgia Bar No. 484830
David M. Bessho
Georgia Bar No. 055784
Attorneys for Plaintiff FFIC

**COZEN O'CONNOR**
Promenade II, Suite 400
1230 Peachtree Street, NE
Atlanta, GA  30309
(404) 572-2000 (telephone)
(404) 572-2199 (facsimile)
dbessho@cozen.com (email)
jmcconnaughey@cozen.com (email)

s/ H. Clifton Cobb
H. Clifton Cobb
Georgia Bar No. 171150
Attorney for Plaintiff Hartford

**LAW OFFICES OF THOMAS O. SIPPEL**
50 Glenlake Parkway, Suite 301
Atlanta, Georgia  30328
(770) 730-3522 (telephone)
Cilfton.Cobb@thehartford.com (email)